E-FILED
Monday, 31 July, 2006 01:02:59 PM
Clerk, U.S. District Court, ILCD

United States District Court
Central District of Illinois

Larry Young
    v  Plaintiff
C/o Burger et.al.
    Defendants

02-1408

FILED
JUL 3 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Motion Re Open

Now Comes Plaintiff Pro Se Larry Young had been diagnosed "Schizophrenia" with "Broken Arm," and was receiving "SSI" (Supplement Security Income) for the conditions and respectfully request this Honorable Court ("Re open" case) Conviction or Sentence is invalidated "reversed" order failed to reinstate Appeal challenges Conviction and Sentence Invalid See Heck v Humphrey, 512 U.S. 477, 484-487 (1994) In Edwards v Balisok 520 U.S. 641 (1997) The Supreme Court extended this ruling to include

SCANNED
DATE: 7/31/06 BY: ___

S1993 Suits for damages "defendants" Reached an Agreement dismissed the petition, (express or implied) from Circuit court of Livingston County No. 03CF118 to deprive the Plaintiff Larry Young of Constitutional Rights. And (2) The Plaintiff suffered actual deprivations of those rights in the form of "Overt Acts in his right to Counsel Furtherance of the Agreement" Plaintiff Challenging the Fact or duration with Boykenberg the Trial Court in Circuit Court of Livingston County "Mistakenly" noted in Agreement That the Case was up for Appeal "express" And "implied" That the Claims Made in the "Postconviction" Petition were more Appropriate For An Appeal of Trial proceedings see ORDER Reversed And remanded NO. 03-CF 118

Date 7-27-06    Respectfully Submitted
Larry Young    Pro Se

# Certificate of Service

I hereby certify that on July 27 2006 ORDER Reversed and remanded Unlawfulness File Motion Reopen Case Upon Lisa Madigan Attorney General Illinois 100 West Randolph St 12th Chicago Illinois 60601

*[signature]*
7-27-06

Larry Young #B0y435
Pontiac Correctional Center
P.O Box 99  700 W Lincoln St
Pontiac Illinois 61764

NO. 4-05-0635

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
JUL 1 4 2006
CLERK OF THE
APPELLATE COURT, 4TH DIST.

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| LARRY YOUNG, | ) | No. 03CF118 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

ORDER

On November 19, 2003, a jury found defendant, Larry Young, guilty of aggravated battery (720 ILCS 5/12-3, 12-4(b)(6) (West 2002)). Young was an inmate at the Illinois Department of Corrections (DOC) at the time of the offense. The trial court sentenced Young to an additional four years' incarceration. Young now appeals from the summary dismissal of his petition for postconviction relief (725 ILCS 5/122-2.1 (West 2002)). Because it appears from the record that Young did not receive meaningful assistance of counsel in either his motion to reconsider sentence or in his direct appeal, we reverse and remand for further proceedings consistent with the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-4 through 122-6 (West 2002)).

I. BACKGROUND

At Young's initial sentencing hearing on February 17, 2004, the trial court admonished Young of his right to appeal his conviction and sentence. Young indicated that he would like to appeal "the whole proceeding" and that he would like a lawyer.

The court indicated that it would "[appoint] the appellate defender of Illinois to represent [Young] on this appeal."

On February 18, 2004, the clerk filed a notice of appeal. Despite this, on February 23, 2004, Young filed a pro se notice of appeal. On February 26, 2004, Young filed a pro se motion for reduction of sentence. The court dismissed the motion by docket entry for lack of jurisdiction. On March 8, 2004, Young filed another pro se motion to reconsider sentence. The motion mentioned Young's medical conditions (alleged schizophrenia and a broken arm), alleged errors that occurred at trial, and argued that the consecutive sentence was improper (though section 5-8-4(f) of the Unified Code of Corrections (730 ILCS 5/5-8-4(f) (West 2002)) mandates that the sentence of an offender committed to DOC at the time of the commission of the offense be served consecutive to the sentence under which he is held by DOC).

On March 17, 2004, the office of the State Appellate Defender (OSAD) filed a motion to dismiss the appeal on the ground that Young's motion to reconsider sentence was still pending. The appellate court granted OSAD's motion the following day. See Official Reports Advance Sheet No. 2 (January 18, 2006), R. 606(b), eff. December 13, 2005 ("any notice of appeal filed before the entry of the order disposing of all pending post-judgment motions [including motions to reconsider sentence] shall have no effect and shall be stricken by the trial court").

On April 12, 2004, the trial court "set Young's matter

for hearing." However, on April 27, 2004, apparently absent any hearing, notice, or benefit of counsel, the court entered an order summarily denying Young's motion to reconsider sentence. Apparently, the court did not provide any admonishments on the ruling and Young did not appeal the denial of his motion to reconsider. Young's counsel did not file a new notice of appeal of his conviction. See Official Reports Advance Sheet No. 2 (January 18, 2006), R. 606(b), eff. December 13, 2005 ("A new notice of appeal must be filed within 30 days following the entry of the order disposing of all timely filed post[]judgment motions").

On July 8, 2005, Young filed a pro se petition for postconviction relief. Among other claims, Young alleged that his constitutional rights were violated due to ineffective assistance of counsel and a deprivation of his right to counsel and due process.

On July 19, 2005, the trial court summarily dismissed the petition, finding it to be frivolous and patently without merit. However, the trial court mistakenly noted that the case was up for appeal and implied that the claims made in the postconviction petition were more appropriate for an appeal of the trial proceedings.

Young now appeals the dismissal of his postconviction petition.

## II. ANALYSIS

A circuit court may summarily dismiss a defendant's

petition for postconviction relief only if the petition is "'frivolous or is patently without merit.'" People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001), quoting 725 ILCS 5/122-2.1(a)(2) (West 1998). A petition is frivolous or is patently without merit where the allegations in the petition, taken as true and liberally construed, fail to state the "gist" of a constitutional claim. Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445. The "gist" standard is a low threshold; the petition need only set forth a limited amount of detail and need not set forth the claim in its entirety. Edwards, 197 Ill. 2d at 244, 757 N.E.2d at 445, citing People v. Gaultney, 174 Ill. 2d 410, 418, 675 N.E.2d 102, 106 (1996). Further, the Act requires that the petition must be supported by affidavits, records, or other evidence supporting its position or the petition must state why such evidence is not attached. Gaultney, 174 Ill. 2d at 418, 675 N.E.2d at 106, citing 725 ILCS 5/122-2 (West 1992).

The State, citing People v. Collins, 202 Ill. 2d 59, 66-67, 782 N.E.2d 195, 198-99 (2002), argues that we must dismiss the petition because Young failed to attach documentation in support of his claims. We disagree; the rationale in Collins does not apply to the present case. In Collins, the court held that the defendant's petition was properly dismissed where the petition failed to comply with the section 122-2 documentation requirements. The court reasoned that compliance with section 122-2 would ensure that the allegations contained in the petition were capable of "objective or independent corroboration."

- 4 -

Collins, 202 Ill. 2d at 67, 782 N.E.2d at 199. In the present case, Young's sixth-amendment claim as argued in the appellate brief is corroborated by court transcripts, recorded documents, and the court's docket.

Young's petition alleges vague claims of "ineffective assistance." It also alleges a "constitutional violation of his right to counsel and a violation of due process" but does not elaborate further. On appeal, OSAD clarifies that Young was denied his sixth-amendment right to counsel in a "critical stage" of his criminal proceeding, the preparation and hearing of his motion to reconsider sentence. Whether this claim, in conjunction with a general ineffective-assistance claim, should survive a summary dismissal becomes the sole question on appeal. Our review of this matter is de novo. See Edwards, 197 Ill. 2d at 247, 757 N.E.2d at 447.

A motion to reconsider sentence is a "critical stage" of the criminal proceedings, entitling the defendant to the appointment of counsel. People v. Brasseaux, 254 Ill. App. 3d 283, 288, 660 N.E.2d 1321, 1324-25 (1996). The Fourth District has upheld the Brasseaux rule on at least two occasions. See, for example, People v. Bailey, 364 Ill. App. 3d 404, 408, 846 N.E.2d 147, 150 (2006) (Fourth District); People v. Williams, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005) (Fourth District).

It appears from the record in the present case that Young was not appointed counsel to help in preparing his motion

to reconsider sentence. This was most likely because Young already had an appeal pending.

Regardless, at the initial sentencing hearing, Young indicated that he wanted help in appealing his conviction and sentence. The docket indicates that Young's appellate counsel performed only one significant act: filing a motion to dismiss Young's appeal on the ground that Young's motion to reconsider sentence was still pending. The record does not indicate that Young's counsel reviewed or amended Young's motion to reconsider sentence. Moreover, Young's appellate counsel did nothing to reinstate the appeal of his conviction following the dismissal of Young's motion to reconsider, despite the fact that Young's motion to reconsider contained many claims more appropriate for an appeal of his conviction than an appeal of his sentence. Hence, Young was denied meaningful assistance of counsel in his motion to reconsider and in his appeal.

We consider the State's argument that defendant cannot show he was denied his right to counsel where his motion to reconsider sentence had no merit. The court in Bailey found that counsel's failure to file a motion to reconsider sentence would not amount to per se ineffective assistance of counsel where no basis to file such a motion existed. Bailey, 364 Ill. App. 3d at 408, 846 N.E.2d at 150. Unlike Bailey, assisting with the motion to reconsider in the instant case cannot be considered "dis-cretion[ary]." Bailey, 364 Ill. App. 3d at 408, 846 N.E.2d at 150. Here, OSAD moved to dismiss the appeal on the ground that

Young's motion to reconsider sentence was pending. OSAD failed to reinstate Young's appeal. Therefore, OSAD affirmatively created a situation wherein Young's claims on appeal depended on the success of Young's motion to reconsider sentence.

Accordingly, Young's petition should advance to the second stage of the postconviction proceedings, wherein Young's appointed counsel will have the opportunity to amend his petition.

### III. CONCLUSION

For the forgoing reasons, we reverse the trial court's summary dismissal of Young's postconviction petition and remand for further proceedings consistent with the Act.

Reversed and remanded.

COOK, J., with TURNER, P.J., and MYERSCOUGH, J., concurring.