IN THE UNITED DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

E-FILED
Friday, 08 September, 2006 12:26:31 PM
Clerk, U.S. District Court, ILCD

FILED
SEP - 8 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

LARRY YOUNG
    PLAINTIFF

V

C/O BURGER C/O CRAMER, LIEUTENET
TAYLOR. C/O STARKEY LT. SHAW
COUNSELOR JENNIFER R. MELVIN ASST
WARDEN JORDAN LUSTER, MELODY FORD
ARB DONALD SNYDER DIRECTOR. LEORA
HARRY ARB Chair ARTHUR FUNK MEDICAL
DIRECTOR, ROBERT RADMACHER ARB
CHAIRPERSON.

NO. 02-1408

## MOTION FOR THE APPOINTMENT of COUNSEL

PLAINTIFF LARRY YOUNG had "been diagnosed As Schizophrenic with
BROKEN ARM And WAS receiving SSI (Supplemental Security Income)
because of those Condition, pursuant to §1915, requests This
Court to Appoint Counsel to Represent him in This
Motion to reopen Case For the Following reasons

1, The PLAINTIFF is Unable to Afford Counsel.

2. THE ISSUES INVOLVED IN THIS CASE ARE Complex

3. THE PLAINTIFF AS A Segregation inmate has extremely limited Access to the law library.

4. THE PLAINTIFF has An IMPAIRMENT "Broken Arm" diagnosed Schizophrei so Serious a degree which meet or exceeds The Criteria in The Listing of Impairments A Contagious disease Hep C Transmitted

by infected blood From "Surgery" No Vaccine For hepatitis who been exposed to by defendants "Known Enemie's UNTREATED Broken Arm A "PPD" Skin test In 1994 exposed to ("TB") Chest Pain UNTREATED

Date 9-6-06

Larry Young #B01435
Pontiac Correctional Center
P.O Box 99 700 W Lincoln St
Pontiac Illinois 61764

Larry Young Pro Se

State of Illinois

County of Livingston

SS: No. 02-1408

Affidavit in Support of the Plaintiffs' Motion For The Appointment of Counsel

Larry Young, being duly Sworn, deposes And says

(1). I am The Plaintiff in The Above entitled Case. I make This Affidavit in Support of my Motion for The Appointment of Counsel.

(2) The Complaint in this Case Also petition For Post-Conviction Relief from Circuit Court of Livingston County The Appellate Court of Illinois Fourth District reverse And remand for further proceedings Consistent with the Post-Conviction Hearing Act (Act) 725 ILCS 5/122-4 Through 122-6 (West 2002)). That The Plaintiff was Subjected to The Misuse of Force by Several Correctional Officers, Some of whom Actively beat kicked him with broken Arm And others of whom watched And

failed to intervene. It Alleges that Supervisory officials were Aware of the violent propensities of some of the Officers And are liable for failing to take Action to Control them. The Plaintiff was subsequently denied due process in a disciplinary hearing by a hearing officer, And his Appeal was denied by the Warden. He was denied Ordered Medical Care by the Prison Medical Director And Asst Warden for Administration

③ This is A Complex Case because it Contains Several different legal Claims, with each Claim involving A different set defendants

④ The Case involves Medical issues That may require expert testimony

⑤ The Plaintiff had Demand $6,000,000 A Jury trial

⑥ The Case will require discovery of documents And depositions of A Number of witnesses

⑦ The testimony will be in Sharp Conflict, since

The Plaintiff Alleges That The defendants Assaulted him While The defendants in Their disciplinary An A Jury found Plaintiff Guilty of Aggravated battery he Assaulted Officer

⑧ The Plaintiff has A limited high School education And diagnosed Schizophrenic with Broken Arm A "Serious" impairment who refuse To Cuff up in 1998

⑨ The Plaintiff is Serving A Sentence In punitive Segregation without hearing in 1998 For This Reason with Broken Arm That didin't healed he has very limited Access to legal Materials And has no Ability to INvestigate The fact of The Case, for example by locating Interviewing the other inmates who were eyewitnesses to his beating The Use of excessive And Unnecessary force were Performed Maliciously, for purpose Pain And Punishment so As Set Forth ORDER in The Appellate Court of Illinois Fourth District filed July 14 2006

Affidavit or Declaration of Verification. The Affiant Swears or declares That The Facts Stated In Another document have True To his knowledge, And That the fact Stated on Information And belief Are True to The best of his knowledge and belief

Date 9-6-06

he didn't receive Meaningful Assistance of Counsel in either his Motion To Reconsider Sentence or in his direct Appeal The Court Reverse And Remand for Further proceeding Consistent with The Post-Conviction Hearing Act (Act) (725 ILCS 5/122-4 through 122-6 (West 2002)) The Fact of The Case Along with the legal Merit of the Plaintiff's Claims, Submitted with this Motion Support the Appointment of Counsel to Represent The Plaintiff diagnosed "Schizophrenic" with "Broken Arm" Should be granted.

[signature]

Date 9-6-06

Sworn to before me this
— day of ——— 2006

Notary Public Requested

# Certificate of Service

I hereby Certify That on Sept 6 2006 I File Motion For The Appointment of Counsel Affidavit in Support of The Motion Appellate Court of Illinois Fourth District ORDER Notary Public Requested Upon Lisa Madigan Attorney General of Illinois 500 South Second Street Springfield Illinois 66706

Larry Young # B01435
Pontiac Correctional Center
P.O Box 99 700 w Lincoln St
Pontiac Illinois 61764

Date 9-6-06



NO. 4-05-0635

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Livingston County |
| LARRY YOUNG, | ) | No. 03CF118 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Harold J. Frobish, |
| | ) | Judge Presiding. |

ORDER

On November 19, 2003, a jury found defendant, Larry
Young, guilty of aggravated battery (720 ILCS 5/12-3, 12-4(b)(6)
(West 2002)).  Young was an inmate at the Illinois Department of
Corrections (DOC) at the time of the offense.  The trial court
sentenced Young to an additional four years' incarceration.
Young now appeals from the summary dismissal of his petition for
postconviction relief (725 ILCS 5/122-2.1 (West 2002)).  Because
it appears from the record that Young did not receive meaningful
assistance of counsel in either his motion to reconsider sentence
or in his direct appeal, we reverse and remand for further
proceedings consistent with the Post-Conviction Hearing Act (Act)
(725 ILCS 5/122-4 through 122-6 (West 2002)).

I. BACKGROUND

At Young's initial sentencing hearing on February 17,
2004, the trial court admonished Young of his right to appeal his
conviction and sentence.  Young indicated that he would like to
appeal "the whole proceeding" and that he would like a lawyer.

The court indicated that it would "[appoint] the appellate
defender of Illinois to represent [Young] on this appeal."

On February 18, 2004, the clerk filed a notice of
appeal.  Despite this, on February 23, 2004, Young filed a pro se
notice of appeal.  On February 26, 2004, Young filed a pro se
motion for reduction of sentence.  The court dismissed the motion
by docket entry for lack of jurisdiction.  On March 8, 2004,
Young filed another pro se motion to reconsider sentence.  The
motion mentioned Young's medical conditions (alleged
schizophrenia and a broken arm), alleged errors that occurred at
trial, and argued that the consecutive sentence was improper
(though section 5-8-4(f) of the Unified Code of Corrections (730
ILCS 5/5-8-4(f) (West 2002)) mandates that the sentence of an
offender committed to DOC at the time of the commission of the
offense be served consecutive to the sentence under which he is
held by DOC).

On March 17, 2004, the office of the State Appellate
Defender (OSAD) filed a motion to dismiss the appeal on the
ground that Young's motion to reconsider sentence was still
pending.  The appellate court granted OSAD's motion the following
day.  See Official Reports Advance Sheet No. 2 (January 18,
2006), R. 606(b), eff. December 13, 2005 ("any notice of appeal
filed before the entry of the order disposing of all pending
post-judgment motions [including motions to reconsider sentence]
shall have no effect and shall be stricken by the trial court").

On April 12, 2004, the trial court "set Young's matter

- 2 -

for hearing."  However, on April 27, 2004, apparently absent any
hearing, notice, or benefit of counsel, the court entered an
order summarily denying Young's motion to reconsider sentence.
Apparently, the court did not provide any admonishments on the
ruling and Young did not appeal the denial of his motion to
reconsider.  Young's counsel did not file a new notice of appeal
of his conviction.  See Official Reports Advance Sheet No. 2
(January 18, 2006), R. 606(b), eff. December 13, 2005 ("A new
notice of appeal must be filed within 30 days following the entry
of the order disposing of all timely filed post[]judgment
motions").

On July 8, 2005, Young filed a pro se petition for
postconviction relief.  Among other claims, Young alleged that
his constitutional rights were violated due to ineffective
assistance of counsel and a deprivation of his right to counsel
and due process.

On July 19, 2005, the trial court summarily dismissed
the petition, finding it to be frivolous and patently without
merit.  However, the trial court mistakenly noted that the case
was up for appeal and implied that the claims made in the
postconviction petition were more appropriate for an appeal of
the trial proceedings.

Young now appeals the dismissal of his postconviction
petition.

II. ANALYSIS

A circuit court may summarily dismiss a defendant's

- 3 -

petition for postconviction relief only if the petition is
"'frivolous or is patently without merit.'"  People v. Edwards,
197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001), quoting 725
ILCS 5/122-2.1(a)(2) (West 1998).  A petition is frivolous or is
patently without merit where the allegations in the petition,
taken as true and liberally construed, fail to state the "gist"
of a constitutional claim.  Edwards, 197 Ill. 2d at 244, 757
N.E.2d at 445.  The "gist" standard is a low threshold; the
petition need only set forth a limited amount of detail and need
not set forth the claim in its entirety.  Edwards, 197 Ill. 2d at
244, 757 N.E.2d at 445, citing People v. Gaultney, 174 Ill. 2d
410, 418, 675 N.E.2d 102, 106 (1996).  Further, the Act requires
that the petition must be supported by affidavits, records, or
other evidence supporting its position or the petition must state
why such evidence is not attached.  Gaultney, 174 Ill. 2d at 418,
675 N.E.2d at 106, citing 725 ILCS 5/122-2 (West 1992).

        The State, citing People v. Collins, 202 Ill. 2d 59,
66-67, 782 N.E.2d 195, 198-99 (2002), argues that we must dismiss
the petition because Young failed to attach documentation in
support of his claims.  We disagree; the rationale in Collins
does not apply to the present case.  In Collins, the court held
that the defendant's petition was properly dismissed where the
petition failed to comply with the section 122-2 documentation
requirements.  The court reasoned that compliance with section
122-2 would ensure that the allegations contained in the petition
were capable of "objective or independent corroboration."

- 4 -

Collins, 202 Ill. 2d at 67, 782 N.E.2d at 199. In the present case, Young's sixth-amendment claim as argued in the appellate brief is corroborated by court transcripts, recorded documents, and the court's docket.

Young's petition alleges vague claims of "ineffective assistance." It also alleges a "constitutional violation of his right to counsel and a violation of due process" but does not elaborate further. On appeal, OSAD clarifies that Young was denied his sixth-amendment right to counsel in a "critical stage" of his criminal proceeding, the preparation and hearing of his motion to reconsider sentence. Whether this claim, in conjunction with a general ineffective-assistance claim, should survive a summary dismissal becomes the sole question on appeal. Our review of this matter is de novo. See Edwards, 197 Ill. 2d at 247, 757 N.E.2d at 447.

A motion to reconsider sentence is a "critical stage" of the criminal proceedings, entitling the defendant to the appointment of counsel. People v. Brasseaux, 254 Ill. App. 3d 283, 288, 660 N.E.2d 1321, 1324-25 (1996). The Fourth District has upheld the Brasseaux rule on at least two occasions. See, for example, People v. Bailey, 364 Ill. App. 3d 404, 408, 846 N.E.2d 147, 150 (2006) (Fourth District); People v. Williams, 358 Ill. App. 3d 1098, 1105, 833 N.E.2d 10, 16 (2005) (Fourth District).

It appears from the record in the present case that Young was not appointed counsel to help in preparing his motion

- 5 -

to reconsider sentence.  This was most likely because Young already had an appeal pending.

Regardless, at the initial sentencing hearing, Young indicated that he wanted help in appealing his conviction and sentence.  The docket indicates that Young's appellate counsel performed only one significant act: filing a motion to dismiss Young's appeal on the ground that Young's motion to reconsider sentence was still pending.  The record does not indicate that Young's counsel reviewed or amended Young's motion to reconsider sentence.  Moreover, Young's appellate counsel did nothing to reinstate the appeal of his conviction following the dismissal of Young's motion to reconsider, despite the fact that Young's motion to reconsider contained many claims more appropriate for an appeal of his conviction than an appeal of his sentence.  Hence, Young was denied meaningful assistance of counsel in his motion to reconsider and in his appeal.

We consider the State's argument that defendant cannot show he was denied his right to counsel where his motion to reconsider sentence had no merit.  The court in Bailey found that counsel's failure to file a motion to reconsider sentence would not amount to per se ineffective assistance of counsel where no basis to file such a motion existed.  Bailey, 364 Ill. App. 3d at 408, 846 N.E.2d at 150.  Unlike Bailey, assisting with the motion to reconsider in the instant case cannot be considered "dis-cretion[ary]."  Bailey, 364 Ill. App. 3d at 408, 846 N.E.2d at 150.  Here, OSAD moved to dismiss the appeal on the ground that

- 6 -

Young's motion to reconsider sentence was pending.  OSAD failed to reinstate Young's appeal.  Therefore, OSAD affirmatively created a situation wherein Young's claims on appeal depended on the success of Young's motion to reconsider sentence.

Accordingly, Young's petition should advance to the second stage of the postconviction proceedings, wherein Young's appointed counsel will have the opportunity to amend his petition.

### III. CONCLUSION

For the forgoing reasons, we reverse the trial court's summary dismissal of Young's postconviction petition and remand for further proceedings consistent with the Act.

Reversed and remanded.

COOK, J., with TURNER, P.J., and MYERSCOUGH, J., concurring.

                                                      REFER   17
                          U.S. District Court
        USDC for the Central District of Illinois (Peoria)

                 CIVIL DOCKET FOR CASE #: 02-CV-1408

Young v. Burger, et al                              Filed: 12/16/02
Assigned to: Judge Harold A. Baker
           Referred to: Mag. Judge John A. Gorman
Demand: $6,000,000                    Nature of Suit:  555
Lead Docket: None                     Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 42:1983 Prisoner Civil Rights


LARRY YOUNG                    Larry Young
       plaintiff              B01435
                              [COR LD NTC pse]  [PRO SE]
                              PCC
                              Pontiac Correctional Center
                              PO Box 99
                              Pontiac, IL 61764
                              (815) 842-2816



     v.


. BURGER, Correctional Officer
       defendant


. TAYLOR, Lieutenant
       defendant


. CRAMER, Correctional Officer
       defendant


. SHAW, Lieutenant
       defendant


DONALD N SNYDER, JR., Director
Illinois Department of
Corrections
       defendant


JAMES M SCHOMIG, Warden
       defendant


Docket as of July 21, 2003 4:26 pm                  Page 1

Proceedings include all events.
1:02cv1408 Young v. Burger, et al                                          REFER
                                                                           17


ARTHUR FUNK, Medical Director
        defendant


ROBERT L RADMACHER, ARB
Chairperson
        defendant


. STARKEY, Correctional
Officer
        defendant


JENNIFER R MELVIN, Counselor
        defendant


. JORDAN, Asst. Warden
        defendant


LEORA HARRY, ARB Chair
        defendant


MELODY FORD, ARB
        defendant


RON GRUBER
        defendant

Proceedings include all events.
1:02cv1408 Young v. Burger, et al                                    REFER
                                                                     17

12/16/02  1      PETITION to PROCEED IFP filed by plaintiff Larry Young;
                 given to the judge for review (complaint received). Case
                 referred to Mag. Judge John A. Gorman (rk)
                 [Entry date 12/16/02]

12/16/02  2      MOTION by plaintiff Larry Young for appointment of
                 counsel (rk) [Entry date 12/16/02]

12/16/02  --     Remark: Case assigned to Judge McDade. Judge McDade refers
                 this case to Judge Baker for all pretrial proceedings. (rk)
                 [Entry date 12/16/02]

5/13/03   --     MINUTE-ENTRY:  by Judge Harold A. Baker.  Before the court
                 is the plaintiff's motion for appointment of counsel
                 [2-1].  Appointment of counsel is not warranted in this
                 case.  Neither the legal issue raised in the complaint nor
                 the evidence that might support the plaintiff's claims are
                 so complex or intricate that a trained attorney is
                 necessary.  The motion is denied pursuant to Maclin v.
                 Freake, 650 F.2d 885, 887-89 (7th Cir. 1981).  See also
                 Merritt v. Faulkner, 697 F.2d 761, 763 (7th Cir. 1983) and
                 Jackson v. County of McLean, 953 F.2d 1070, 1071 (7th Cir.
                 1992).   (cc: all counsel) (sh) [Entry date 05/14/03]

5/13/03   3      ORDER  by Mag. Judge John A. Gorman: Plaintiff's motion to
                 proceed without full prepayment of fees and costs, granted.
                 USM to serve defendants.  Dft to answer or respond to
                 plaintiff's complaint within 60 days. Cause set for further
                 scheduling procedures under FRCvP 16. at 9:15 am, Monday,
                 8/18/03, by c/c. Clerk to notify parties of their option to
                 consent to disposition of case before a Magistrate Judge.
                 (cc: pro se pltf) (sh) [Entry date 05/14/03]

5/13/03   3      COMPLAINT filed, summonses issued and forwarded to USM for
                 service; case referred to Mag. Judge John A. Gorman (kb)
                 [Entry date 06/10/03]

5/22/03   4      RETURN OF SERVICE executed upon defendant  Jordan on
                 5/20/03 (kb) [Entry date 05/23/03]

5/22/03   5      RETURN OF SERVICE executed upon defendant Shaw on 5/20/03
                 (kb) [Entry date 05/23/03]

5/22/03   6      RETURN OF SERVICE executed upon defendant Donald N Snyder
                 Jr. on 5/19/03 (kb) [Entry date 05/23/03]

5/22/03   7      RETURN OF SERVICE executed upon defendant Burger on 5/19/03
                 (kb) [Entry date 05/23/03]

5/22/03   8      RETURN OF SERVICE executed upon defendant Cramer on 5/19/03
                 (kb) [Entry date 05/23/03]

5/22/03   9      RETURN OF SERVICE executed upon defendant Jennifer R Melvin
                 on 5/19/03 (kb) [Entry date 05/23/03]

Proceedings include all events.
1:02cv1408 Young v. Burger, et al                                           REFER
                                                                            17

5/22/03   10      RETURN OF SERVICE executed upon defendant Starkey on
                  5/19/03 (kb) [Entry date 05/23/03]

5/22/03   11      RETURN OF SERVICE executed upon defendant Arthur Funk on
                  5/19/03 (kb) [Entry date 05/23/03]

6/26/03   12      RETURN OF SERVICE unexecuted - attempted as to defendant Lt.
                  Taylor (rk) [Entry date 06/27/03] [Edit date 06/27/03]

6/26/03   13      RETURN OF SERVICE executed upon defendant Robert L Radmacher
                  on 5/28/03 (rk) [Entry date 06/27/03]
                  [Edit date 06/27/03]

6/26/03   14      RETURN OF SERVICE executed on 5/27/03 upon Administrative
                  Review Board Chairperson (MELODY FORD) (rk)
                  [Entry date 06/27/03] [Edit date 07/10/03]

6/27/03   15      NOTICE to plaintiff from clerk re: return of service
                  unexecuted for Lt Taylor (kb) [Entry date 06/27/03]

7/3/03    16      Remark - clerk received a USM 285 and Summons form received
                  for dft Taylor (Lt) (kb) [Entry date 07/03/03]

7/7/03    17      RETURN OF SERVICE executed upon defendant James M Schomig
                  on 6/17/03 (tr) [Entry date 07/09/03]

7/9/03    --      MINUTE-ENTRY: by Judge Harold A. Baker. Due to a conflict
                  in the court's calendar, the status conference call
                  scheduled for 8/19/03 at 9:15 a.m. has been vacated and
                  rescheduled to  9/24/03 at 10:45 a.m. The Clerk's Office
                  is directed to issue appropriate process to secure the
                  plaintiff's presence at the telephone conference.  The
                  Court will initiate the telephone conference call. (cc: all
                  counsel) (rk) [Entry date 07/09/03]

7/10/03   18      LETTER from Pla received 7/10/03 requesting summonses be
                  issued again for Melody Ford & Lt. Taylor. Ford's summons
                  was returned executed 5/27/03 and Taylor's was returned
                  unexecuted. Therefore, Clerk will issue alias for Dft
                  Taylor (hw) [Entry date 07/10/03]

7/10/03   19      ALIAS SUMMONS issued as to defendant TAYLOR to US Marshal
                  (hw) [Entry date 07/10/03]

7/21/03   20      SUMMONS issued as to defendant Ron Gruber, who was not
                  included in error as a defendant when the case was opened,
                  and returned to US Marshal to serve along with a copy of
                  the complaint and scheduling order of 5/13/03 (ml)
                  [Entry date 07/21/03]

Docket as of July 21, 2003 4:26 pm                         Page 4